UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF LEBEOUF BROS. TOWING, LLC | CIVIL ACTION |
| VERSUS | |
| DANIEL GOSS | NO.:20-00159-BAJ-EWD |

### RULING AND ORDER

Before the Court is Plaintiff, LeBeouf Bros. Towing, LLC's **Motion to Transfer Venue (Doc. 4)** requesting the Court to transfer this matter to the United States District Court for the Eastern District. No opposition to the motion has been filed by the Claimant. For the reasons stated herein, the **Motion to Transfer Venue (Doc. 4) is GRANTED**.

I.   BACKGROUND

On November 21, 2019, Claimant Daniel Goss filed suit against Plaintiff in the Nineteenth Judicial District Court of East Baton Rouge Parish to recover for an alleged personal injury sustained while working for Plaintiff as a pilot on board the M/V Dickie Gonsoulin. On March 16, 2020, Plaintiff filed this complaint seeking limitation and a declaratory judgment action.[1] Plaintiff asks the Court to transfer

---

[1] Plaintiff filed his limitation complaint in the Middle District of Louisiana to comply with Rule F of the Federal Rules of Civil Procedure, which requires a vessel owner to file the Limitation Complaint in the district in which the owner has been sued. *See* Rule F (9).

1

this matter pursuant to a forum selection clause agreed to by the parties. Plaintiff contends that Claimant knowingly and voluntarily agreed to the forum selection clause contained within an applicant certification that requires that any claims be filed in the Eastern District of Louisiana. Plaintiff further contends that the forum selection clause is valid and enforceable; thus, the Court should transfer this matter.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." A forum selection clause may be enforced by a §1404(a) motion to transfer. *Atlantic Marine Const. Co. v. U.S. Dist. Court for the Western Dist. Of Texas*, 571 U.S. 49, 134 S.Ct. 568 (2013).

In a typical case not involving a forum selection clause, a district court considering a §1404(a) motion to transfer must evaluate both the convenience of the parties and various public-interest considerations. *Id.* at 62. The district court must weigh the relevant factors and decide if a transfer would serve the convenience of the parties and witnesses, as well as the interest of justice. *See Id.* at 63. However, the presence of a valid forum selection clause requires district courts to adjust the §1404(a) analysis in the following three ways: (1) the Plaintiff's choice of forum merits no weight; (2) the court should not consider arguments about the parties' private interests; and (3) when a party bound by a forum selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue

will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations. *Id.*

The court *may* consider arguments about public-interest factors only. See *Id.* at 64 (emphasis added). Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10, 92 S.Ct. 1907 (1972).

### III.  DISCUSSION

Plaintiff asserts that Claimant knowingly and voluntarily entered into a forum-selection agreement requiring any suit arising from his employment with Plaintiff to be filed in the Eastern District of Louisiana. (Doc. 4-1 at p. 3). Plaintiff has attached a copy of the forum selection clause with Claimant's signature, which states " I agree that any and all disputes, claims, causes of action, or lawsuits against my employer and/or the owner of any vessel to which I am assigned (including any personal injuries arising out of my employment) shall be filed exclusively in the United States District Court for the Eastern District of Louisiana." *See* Doc. 4-2, Exhibit A.

Forum selection clauses in admiralty cases are presumptively valid and enforceable. *Calix-Chacon v. Global International Marine, Inc.*, 493 F.3d 507, 512 (5th Cir. 2007) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972). Forum selection clauses are invalid if enforcement would be unreasonable, unjust,

fraudulent, or overreaching. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). The party attacking enforceability may overcome the presumption of validity by showing that the clause is unreasonable under the circumstances. *Id.* at 10. Unreasonableness potentially exists where: (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state. *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997).

The Court finds that Claimant did not overcome the presumption of validity because he did not object to this motion. The Court also finds that enforcement of the clause would not be unreasonable, unjust, fraudulent, or overreaching. Enforcement of the clause would transfer the case to a forum that Claimant could have selected because it is the Plaintiff's domicile; therefore, there is no grave inconvenience or unfairness in the selected forum that would deprive Claimant of his day in court. Lastly, enforcement of the clause would not contravene a strong public policy of the forum state. Thus, the Court finds that the forum selection clause signed by Claimant is valid and enforceable.

**IT IS ORDERED** that Plaintiff's Motion to Transfer Venue (Doc. 4) is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is transferred to the United States District Court for the Eastern District of Louisiana.

Baton Rouge, Louisiana, this 30th day of April, 2020

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**