## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN THE MATTER OF THE COMPLAINT OF LEBEOUF BROS. TOWING, LLC AS OWNER OF THE M/V DICKIE GONSOULIN** | **CIVIL ACTION** |
| | **NO.  20-1314** |
| | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is Daniel Goss's Motion to Dismiss the Limitation of Liability Complaint filed on behalf of LeBeouf Bros. Towing, LLC ("LeBeouf") as the owner the M/V DICKIE GONSOULIN, the GONSOULIN 517 and/or the GONSOULIN 523 (the "Motion to Dismiss").[1] For the following reasons, the Motion to Dismiss is **DENIED**.

## BACKGROUND[2]

This case arises from an incident involving the GONSOULIN 523. On or about July 19, 2018, a pressure relief valve on the GONSOULIN 523 allegedly opened spontaneously and allowed Raffinate fumes to escape, thereby injuring Goss.[3] On November 21, 2019, Goss filed a lawsuit against LeBeouf in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to recover for the personal injuries he allegedly suffered as a result of the July 19, 2018 incident.[4]

On March 16, 2020, LeBeouf filed a Complaint for Exoneration From, or Alternatively,  Limitation of Liability and Declaratory Judgment in the United States District Court for the Middle District of Louisiana (the "Middle District").[5] The complaint

---

[1] R. Doc. 5. LeBeouf opposes this motion. R. Doc. 6. Goss filed a reply. R. Doc. 12.
[2] The facts recited herein are as alleged in LeBeouf's Complaint for Exoneration From, or Alternatively, Limitation of Liability and Declaratory Judgment. R. Doc. 1.
[3] R. Doc. 1 at ¶ 2.
[4] R. Doc. 1-1.
[5] R. Doc. 1.

contains two counts: Count 1 is for "Exoneration or Limitation of Liability"[6] and Count 2 is for "Declaratory Judgment."[7] In its prayer for relief LeBeouf requests, among other things, that the Court "issue an order approving the *Ad Interim* Stipulation," "issue a notice to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of Court and to serve on the attorneys for Limitation Plaintiff a copy thereof on or before a date to be named in the notice," "enjoin the further prosecution of any and all actions, suits, and proceedings already commenced . . .against Limitation Plaintiff and its insurers and/or against the vessel . . .to recover damages for or in respect to any loss, damage, or injury occasioned as a result of the aforesaid incident," and "adjudge that Limitation Plaintiff and its employees, agents, representatives and Underwriters are not liable to any extent for any injuries, losses, or damages occurring as a result of the incident in question."[8] LeBeouf further seeks "Declaratory Judgment finding the venue selection clause in the applicant certification was voluntarily and knowingly entered into by Daniel Goss, that it is valid and enforceable, and asks this Court to transfer this matter to the Eastern District of Louisiana, as expressly provided in the venue selection clause in the applicant certification."[9] Although LeBeouf broadly argued for transfer on the basis that the forum selection clause was valid and enforceable, ultimately, LeBeouf's prayer seeks only a transfer of the action from the Middle District to the Eastern District.

LeBeouf maintains it filed its complaint in the Middle District because Rule F of the Supplemental Rules For Admiralty Or Maritime Claims And Asset Forfeiture Actions

---

[6] *Id.* at 1-6.
[7] *Id.* at 6-7.
[8] *Id.* at 8-9.
[9] *Id.* at 9.

to the Federal Rules of Civil Procedure ("Rule F") "requires the vessel owner to file the Limitation Complaint in the district in which the owner has been sued (requiring this action to be filed in the Middle district)."[10] However, LeBeouf argues that, because "Goss' original suit should have been filed in the United States District Court for the Eastern District of Louisiana, as mandated in the venue selection clause [of an application certification signed by Goss]," and because Rule F provides that, "for the convenience of parties and witnesses, in the interest of justice, the court may transfer the action to any district," the action should be transferred to the Eastern District.[11] On March 17, 2020, LeBeouf filed a Motion to Transfer Venue to the United States District Court for the Eastern District of Louisiana (the "Motion to Transfer Venue").[12] On April 30, 2020 the Middle District granted the Motion to Transfer Venue, transferring the case to this Court.[13]

On April 1, 2020, while LeBeouf's Motion to Transfer Venue was still pending before the Middle District, Goss filed the instant Motion to Dismiss,[14] arguing for dismissal of Count 1 of the complaint for exoneration or limitation of liability "based on the proposition that such Complaint was not timely filed."[15] Goss alternatively argues that, "[s]hould this Court deny Goss' Motion to Dismiss, should this Court rule that LeBeouf Bros.' Complaint was timely filed, should this Court issue a stay order/injunction, prohibiting Goss from pursuing his claim in the Louisiana State Court, where Goss sued LeBeouf Bros., Goss maintains that based on Goss' Affidavit (Exhibit C) to Goss' Motion

---

[10] R. Doc. 4-1 at 3.
[11] *Id.*
[12] R. Doc. 4.
[13] R. Doc. 8. The Middle District did not rule on any other pending motions prior to transferring the case to this Court.
[14] R. Doc. 5. LeBeouf opposes this motion. R. Doc. 6. Goss filed a reply. R. Doc. 12.
[15] R. Doc. 5-1 at 1.

and Counsel's Stipulation (Exhibit D), to such Motion this injunction/stay order should be dissolved."[16] Although Goss contends that, "Goss' Motion does not address LeBeouf's Declaratory Judgement[17] action,"[18] Goss simultaneously appears to argue the relief requested in the declaratory judgment cause of action—transfer of the action from the Middle District to the Eastern District—should not be granted

## LAW AND ANALYSIS

I. **To the Extent Goss Seeks Dismissal of Count 2 of the Complaint, Which is a Request for Declaratory Judgment, Goss's Request is Denied as Moot**

As discussed above, although Goss contends that, "Goss' Motion does not address LeBeouf's Declaratory Judgement[19] action,"[20] Goss nevertheless appears to argue the relief requested—transfer of the action from the Middle District to the Eastern District— should not be granted. Out of an abundance of caution. the Court considers Goss's request to dismiss Count 2 of the complaint, which contains a request for declaratory judgment, to the extent Goss makes such a request.

In its prayer for declaratory judgement, LeBeouf seeks:

> Declaratory Judgment finding the venue selection clause in the applicant certification was voluntarily and knowingly entered into by Daniel Goss, that it is valid and enforceable, and asks this Court to transfer this matter to the Eastern District of Louisiana.[21]

The Middle District already has transferred the action to the Eastern District.[22] The parties have agreed the order transferring this case from the Middle District to the Eastern

---

[16] *Id.* at 2.
[17] R. Doc. 1 at 6-7, 9 (citation inserted).
[18] R. Doc. 12 at 16.
[19] R. Doc. 1 at 6-7, 9 (citation inserted).
[20] R. Doc. 12 at 16.
[21] R. Doc. 1 at 9.
[22] R. Doc. 8 at 4-5.

District will not be construed as determining the validity of the forum selection clause.[23] Accordingly, to the extent Goss seeks dismissal of Count 2 of LeBeouf's complaint, which is a request for declaratory judgment that the action should be transferred to the Eastern District, Goss's Motion to Dismiss is **DENIED AS MOOT**.

## II.   Goss's Motion to Dismiss LeBeouf's Limitation Action as Untimely is Denied

Goss further seeks dismissal of Count 1 of the complaint, which is a limitation action, as untimely. The parties dispute whether LeBeouf timely filed its complaint within the six month period set forth in Rule F of the Supplemental Rules For Admiralty Or Maritime Claims And Asset Forfeiture Actions to the Federal Rules of Civil Procedure ("Rule F"). As the Fifth Circuit has provided, if a petition is not filed within the requisite period, the Court must dismiss it as untimely.[24] Because it is undisputed that LeBeouf filed its complaint on March 16, 2020, the key issue to be decided is which date triggered the start of the six month period. Goss contends the six month period began on the date he *mailed* the written notice of his claim to LeBeouf, September 11, 2020, and, as result, LeBeouf's complaint was filed five days after the expiration of the period.[25] LeBeouf argues the six month period began on the date LeBeouf *received* the written notice, September 17, 2020, and therefore LeBeouf complaint was filed one day before the expiration of the period.[26]

Under the plain language of Rule F(1), the six month period commences upon "receipt" of a claim in writing: "[n]ot later than six months after *receipt* of a claim in

---

[23] Exhibit A.
[24] *Exxon Shipping Co. v. Cailleteau*, 869 F.2d 843, 846 (5th Cir. 1989).
[25] R. Doc. 5-1 at 1.
[26] R. Doc. 6 at 2-3.

writing, any vessel owner may file a complaint in the appropriate district court."[27],[28] Further, although the purpose of the six-month prescriptive period is to require the shipowner to act promptly to gain the benefit of the statutory right to limit liability, and prevent waiting to file the limitation of liability petition until the later stages of pending litigation,[29] "the limitations period is to be liberally construed in favor of the ship owner."[30] Consistent with the plain language of Rule F(1) and a liberal construction of the prescriptive period in favor of the vessel owner, courts have held the limitations period commences when written notice of a claim is received by the vessel owner. For instance, in *Matter of Complaint of Dolphin Workboats, Inc.*, another section of this Court held the period began when the defendant was *served* with the complaint.[31] Accordingly, the Court finds the date on which LeBeouf received the letter providing written notice of Goss's claim commenced the period.

Goss does not argue, nor does he offer any evidence to show, the letter was actually received by LeBeouf on September 11, 2019 or any other date over six months before LeBeouf filed its complaint.[32] LeBeouf, however, has submitted evidence to support its position that LeBeouf received the letter providing written notice of Goss's claim on

---

[27] Fed. R. Civ. P. Supp. R. F(1) (emphasis added).

[28] The Court notes that, to commence the six month limitations period, the written notice must sufficiently "'inform the owner of the claimant's intention to seek damages from the owner.'" *In the Matter of Oceanic Fleet, Inc.*, 807 F. Supp. 1261, 1263 (E.D. La. Dec. 3, 1992). In this case, the parties do not debate whether the content of the letter was sufficient to put LeBeouf on notice of Goss's claim.

[29] *Cailleteau*, 869 F.2d at 846.

[30] *In Matter of Capital Marine Supply, Inc.*, Civ. A. No. 95–0844, CIV. A. 95–0846, CIV. A. 95–0847, 1995 WL 550974, at *2 (E.D. La. Sept. 12, 1995) (citation omitted).

[31] Civ. A. No. 91–4398, 1992 WL 56059, at *2 (E.D. La. Mar. 12, 1992).

[32] As LeBeouf points out, Goss "does not even offer an affidavit that the September 11th letter was actually mailed to LeBeouf on September 11, 2019." R. Doc. 6 at 3. Further, although Goss alternatively argues "Goss believes – and thus asserts – that LeBeouf – itself – and perhaps LeBeouf, through counsel, monitors filings, such as Goss' August 27, 2019, filing – which, if true, would establish that LeBeouf received written 'Notice' of Goss' claim, likely on a date earlier than the date Counsel for Goss wrote LeBeouf advising LeBeouf of the fact that this lawsuit has been filed," Goss himself concedes he "has no proof to support that belief." R. Doc. 12 at 23.

September 17, 2019. Specifically, LeBeouf submits the affidavit of Erwin Thompson, the General Counsel of LeBeouf, who attests the letter was dated September 12, 2019, the post mark on the envelope shows the letter was mailed on September 13, 2019 from Greenville, Mississippi, and the letter was received by LeBeouf in Houma, Louisiana on September 17, 2019.[33] Mr. Thompson's affidavit is supported by the copy of the letter and envelope attached to his affidavit. Importantly, the letter is stamped "Received Sep 17, 2019."[34]

Based on the evidence in the record, the Court finds LeBeouf received written notice of Goss's claim on September 17, 2019. Accordingly, pursuant to Rule F(1), LeBeouf had until March 17, 2020 to file its complaint. Because LeBeouf filed its complaint on March 16, 2020,[35] one day before the expiration of the six month period, LeBeouf timely filed its complaint. Accordingly, Goss's Motion to Dismiss[36] is **DENIED** to the extent Goss seeks to dismiss Count 1 of LeBeouf's complaint as untimely.

## III.   Goss's Request for Alternative Relief is Denied as Premature

Goss alternatively argues in his Motion to Dismiss that "should this Court issue a stay order/injunction, prohibiting Goss from pursuing his claim in the Louisiana State Court, where Goss sued LeBeouf Bros., Goss maintains that based on Goss' Affidavit (Exhibit C) to Goss' Motion and Counsel's Stipulation (Exhibit D), to such Motion this injunction/stay order should be dissolved."[37] In effect, Goss asks the Court to deny LeBeouf's request for an order restraining prosecution of claims before even issuing an order requiring notice be published announcing a deadline for filing claims in this matter. The key issue is thus whether the Court has discretion to deny LeBeouf's Amended Motion

---

[33] R. Doc. 6-1 at p.1, ¶ 2.
[34] *Id*. at pp. 2 and 4.
[35] R. Doc. 1.
[36] R. Doc. 5.
[37] R .Doc. 5-1 at 2.

for Order Requiring Publication at this time, as Goss requests. In order to resolve this issue, Rule F must be consulted. Rule F provides, in pertinent part:

> (3) Upon compliance by the owner with the requirements of subdivision (1) of this rule all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease. On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action.

> (4) Upon the owner's compliance with subdivision (1) of this rule the court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice . . .[38]

In light of the fact that Rule F(3) provides courts "*shall* enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action,"[39] courts have held "[t]he issuance of an injunction against other litigation is mandatory upon the Court where the statutory and other requirements have been met."[40] Likewise, in light of the fact that Rule F(4) provides courts *shall* issue such a notice, courts have held "[t]he notice procedure of Supplemental Rule F(4) is not discretionary."[41] In *In re Complaint of O'Meara, Inc.*, Judge Engelhardt, in denying a motion to modify an injunction to lift the stay, provided the following useful explanation regarding the interplay between Rule F(4) and motions to lift stays:

> The notice procedure of Supplemental Rule F(4) is not discretionary. This rule provides that the Court 'shall issue a notice' advising of the deadline for filing claims, that the deadline 'shall not be less that 30 days after issuance of the notice,' and that the notice 'shall be published in . . . newspapers . . . once a week for four successive weeks.' Fed. R. Civ. P. Supp. Rule F(4) (emphasis added). Because the deadline here has not expired, the instant

---

[38] Fed. R. Civ. P. Supp. R. F(3)-(4).
[39] Fed. R. Civ. P. Supp. R. F. (3) (emphasis added).
[40] *In re CF Industries, Inc.*, Civil No. 80-92-A, 1981 WL 6769674 (M.D. La. Jun. 11, 1981).
[41] *In re Complaint of O'Meara, Inc.*, No. Civ. A. 01–3767, 2002 WL 873080, at *1 (E.D. La. Apr. 30, 2002).

motion to lift stay is "procedurally flawed." <u>Cal Dive Int'l, Inc. v. Johnson,</u> <u>2001 WL 604170 at *1 (E.D. La. May 31, 2001)</u> (Clement, J.). Movant has cited no case in which a court lifted the stay before the deadline for filing claims had passed. Nor has movant cited law authorizing the Court to alter the published deadline as movant requests, in total disregard of the mandatory notice procedure of Rule F(4). Thus, while movant's arguments regarding illusory potential claimants might be well taken if made after the deadline for filing claims has passed, they are premature at this time.[42]

Other courts have followed the same approach as Judge Engelhardt, declining to grant motions to lift a stay on state court proceedings prior to the expiration of the deadline to contest the limitation plaintiff's right to exoneration or limitation of liability. For instance, in *In re Hilcorp Energy Co.*, Judge Lemelle, in considering a motion to lift a stay on state court proceedings, held "the Court cannot determine whether this matter involves multiple claimants and/or potential derivative actions requiring claimant to further stipulate to the priority in which claims would be paid" because "the deadline for any and all claimants to contest Petitioner's right to exoneration or limitation of liability is on or before July 1, 2007."[43] Accordingly, Judge Lemelle ordered the motion to lift the stay was "denied without prejudice to re-urge after July 1, 2007."[44] When the motion was subsequently re-urged after the July 1, 2007 deadline had passed, Judge Lemelle granted the motion.[45]

In line with *In re Complaint of O'Meara, Inc.* and *In re Hilcorp Energy Co.*, and because LeBeouf has complied with the provisions of Rule F(1), this Court declines to grant Goss's request prior to the Court issuing an order requiring notice be published

---

[42] *Id.*

[43] *In re Hilcorp Energy Co.*, Civil Action No. 07-999, 2007 WL 1655571, at *2 (E.D. La. Jun. 6, 2007) ("*Hilcorp* I").

[44] *Id.*

[45] *Hilcorp* II, 2007 WL 3377257 at *1 (rejecting argument that the Court should wait longer to determine whether other potential claimants exist because, even though it is true "[a] district court may allow a claimant to join a limitation proceeding even after the deadline for joining has past if the claimant shows cause," "if a claimant does appear [in the future] and wants to join the proceeding, the Court[] could deny the request unless he or she can show cause." (citing Fed R. Civ. P. Supp. R. F(4))).

announcing a deadline for filing claims in the matter and prior to said deadline expiring. Accordingly, to the extent Goss's Motion to Dismiss[46] seeks an order denying LeBeouf's request for issuance of an order restraining prosecution of claims, this request is **DENIED WITHOUT PREJUDICE AS PREMATURE**. Goss may file a motion to lift any stay imposed after the deadline has expired for any and all claimants to contest LeBeouf's right to exoneration or limitation of liability.

      **New Orleans, Louisiana, this 14th day of May, 2020.**

                                      **SUSIE MORGAN**
                              **UNITED STATES DISTRICT JUDGE**

---

[46] R. Doc. 5.