UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT<br>OF LEBEOUF BROS. TOWING, LLC AS<br>OWNER OF THE M/V DICKIE GONSOULIN | CIVIL ACTION<br><br>NO. 20-1314<br><br>SECTION: "E" (1) |

### ORDER AND REASONS

Before the Court is Daniel Goss's Motion to Increase Per Day Maintenance Payments.[1] For the following reasons, the Motion is **DENIED**.

### BACKGROUND

This case arises from an incident involving the GONSOULIN 523. On or about July 19, 2018, a pressure relief valve on the GONSOULIN 523 allegedly spontaneously opened and allowed Raffinate fumes to escape.[2] Goss alleges he was injured as a result of his exposure to the fumes.[3] On November 21, 2019, Goss filed a lawsuit against LeBeouf Towing, L.L.C. ("LeBeouf") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to recover for the personal injuries he allegedly suffered as a result of the July 19, 2018 incident.[4] On March 16, 2020, LeBeouf filed this limitation action in the United States District Court for the Middle District of Louisiana.[5] The Middle District granted LeBeouf's Motion to Transfer Venue to the Eastern District of Louisiana.

---

[1] R. Doc. 32. LeBeouf Bros. Towing, L.L.C. opposes this motion. R. Doc. 33.
[2] R. Doc. 1 at ¶ 2.
[3] R. Doc. 1-1 at ¶¶ 22-23.
[4] R. Doc. 1-1.
[5] R. Doc. 1.

1

[6], [7] On June 26, 2020, Goss filed an Answer and Claim to Complaint in this action.[8] Goss alleges he is a seaman entitled to maintenance and cure,[9] and seeks damages based on LeBeouf's negligence and the GONSOULIN 523's unseaworthiness.[10]

On August 19, 2020, Goss filed the instant Motion to Increase Per Day Maintenance Payments.[11] Goss seeks to increase his daily maintenance from $40 to $88.24 per day until he reaches maximum medical improvement.[12] LeBeouf opposes the motion and argues there are disputed issues of material fact which prevent partial summary judgment on LeBeouf's liability to pay maintenance, the amount thereof, if any, and how long it must be paid.[13] For example, LeBeouf argues Goss must show there is no factual dispute that his injuries are tied to his service on the M/V DICKIE GONSOULIN.[14] LeBeouf also argues Goss must show there is no factual dispute as to whether he has reached maximum possible cure (or maximum medical improvement).[15]

## LAW AND ANALYSIS

Paying maintenance and cure is the obligation of a ship owner to care for his or her employees following an injury or illness while in service of the ship.[16] Generally,

---

[6] R. Doc. 8.
[7] In a telephone status conference before this Court, Counsel for Goss represented that he has no objection to this action proceeding before this Court, on the condition that counsel for LeBeouf will not argue that the order transferring this case from the Middle District to the Eastern District has determined the validity of the forum selection clause. R. Doc. 16 at 2.
[8] R. Doc. 26.
[9] *Id.* at ¶ 21(a-b). Goss also seeks punitive damages. *Id.* at ¶ 21(f).
[10] *Id.* at ¶ 20.
[11] R. Doc. 32.
[12] *Id.* Goss also seeks to recover the difference retroactive to the date of the first maintenance payment. *Id.*
[13] R. Doc. 33 at 2-6. LeBeouf is paying Goss maintenance and cure at a rate of $40.00 per, but has reserved its right to contest whether Goss was involved in any accident in service of the vessel.
[14] *Id.* at 4-5.
[15] *Id.* at 5.
[16] *Pelotto v. L & N Towing Co.*, 604 F.2d 396, 400 (5th Cir. 1979). *See Harden v. Gordon*, 11 F.Cas. 480 (C.C.D. Me. 1823) (applying the doctrine of maintenance and cure under U.S. admiralty law and holding "[a] sick seaman, while on board, is entitled to receive suitable sustenance and attendance from the ship and crew during his illness.").

maintenance demands food and lodging, and cure demands necessary medical care and attention.[17]

Goss has demanded a trial by jury.[18] At trial, Goss will be required to prove he is a seaman who was injured while in service of the ship;[19] the costs of his living expenses (maintenance);[20] the costs of his medical (cure);[21] and that he has not yet reached maximum medical improvement.[22] To be entitled to partial summary judgment that he is entitled to maintenance and cure, and the amount and for how long, he is required to establish there are no material facts in dispute with respect to these issues and that he is entitled to judgment as a matter of law.

An employer's duty to provide maintenance and cure to a seaman injured in the service of a vessel is "practically absolute."[23] Consequently, a seaman's burden of proof for a maintenance and cure claim is "slight," and he need only establish that he was injured "while 'subject to the call of duty as a seaman.'"[24] Despite this low burden, triable issues of fact arise when the amount or duration of the maintenance and cure is in dispute.[25] Liability for maintenance and cure depends on factual issues that require

---

[17] *Caulfield v. AC & D Marine, Inc.*, 633 F.2d 1129, 1131-32 (5th Cir. 1981).
[18] R. Doc. 26 at 12.
[19] *See Caulfield v. AC & D Marine, Inc*, 633 F.2d 1129, 1131 (5th Cir. 1981) (explaining that a seaman must be injured or ill "while he is in the service of the ship" to be entitled to recover maintenance).
[20] *Martin v. Abdon Callais Offshore, LLC*, No. 10-cv-3043, 2011 WL 1982859 at *3 (E.D. La. May 20, 2011). See *Yelverton v. Mobile Laboratories, Inc.*, 782 F.2d 555, 558 (5th Cir. 1986) (explaining "[a] seaman's burden of production in establishing the value of maintenance is feather light: his own testimony as to reasonable cost of room and board in the community where he is living is sufficient to support an award.").
[21] *Bland v. Omega Protein Inc.*, 2016 WL 280403 at *4, (W.D. La. Jan. 21, 2016).
[22] *McBride v. Estis Well Serv.*, L.L.C., 853 F.3d 777, 783 (5th Cir. 2017). *See Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996) (explaining that "[a] shipowner is liable to pay maintenance and cure until the point of maximum medical cure, where it is probable that further treatment will result in no betterment in the claimant's condition.").
[23] *Johnson v. Cenac Towing, Inc.*, 599 F. Supp. 2d 721, 726 (E.D. La. 2009).
[24] *Johnson*, 599 F. Supp. 2d at 725 (citing *Aguilar v. Standard Oil Co. of N.J.*, 318 U.S. 724, 732 (1943); 1 Schoenbaum, Admiralty and Maritime Law, § 6-28; Fifth Circuit Pattern Jury Instructions: Civil § 4.11 (2006 ed.)).
[25] *See Bland*, No. 14-cv-0127, 2016 WL 280403 at *4 (finding "conflicting diagnoses and prognoses from various physicians" raised a question of fact as to the maintenance and cure's termination date); *Miller v.*

evidentiary scrutiny.[26] The proper standard to apply to determine a seaman's pre-trial right to maintenance and cure is a summary judgment standard.[27] Consequently, a motion for summary judgment is the standard procedure to determine maintenance and cure issues before trial.[28] As the Fifth Circuit has explained,

> "The right of an injured seaman to maintenance is a form of compensation that arises out of the contract of employment. The policy supporting the shipowner's duty to provide maintenance and cure and the history of this ancient right of the seaman have been often recounted. The shipowner is required to furnish the seaman with food and lodging of the kind and quality he would have received had he been able to continue working aboard ship. If the owner does not furnish it in kind, he must pay a daily stipend for the seaman's subsistence. Because the payment is to provide food and lodging comparable to the quality afforded aboard the vessel, the amount necessary may vary depending both on what was furnished on the ship and the cost of equivalents in the port where the seaman must fend for himself. *Thus, determination of the proper amount is a factual question, to be decided on evidence presented to the trial court.*"[29]

In *Billiot v. Toups Marine Transport, Inc.*,[30] the court rejected the use of injunctive relief to raise the maintenance rate saying, "the Court must turn to admiralty law regarding the appropriate means of enforcing a seaman's right to maintenance. A review of that body of law shows that *a motion for summary judgment is the only permissible pre-trial procedure to determine the daily rate of maintenance.*"[31]

---

*Canal Barge Co., Inc.*, No. 00-cv-0526, 2000 WL 33389203 (E.D. La. Aug. 23, 2000) (recognizing that an appropriate rate for living expenses to be an issue of material fact).
[26] *Pelotto v. L&N Towing Co.*, 604 F.2d 396, 404 (5th Cir. 1979); *Caulfield v. AC & D. Marine, Inc.*, 633 F.2d 1129, 1132 (5th Cir. 1981).
[27] *Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517 (9th Cir. 2018).
[28] *See Martin v. Abdon Callais Offshore, LLC,* No. 10-cv-3043, 2011 WL 1982859 at *4-5 (E.D. La. May 20, 2011) (holding a seaman was "entitled [to] summary judgment increasing the rate of maintenance from $15 per day to $41.40 per day" prior to trial, but that "genuine issues of material fact as to whether Plaintiff has reached the point of maximum medical improvement" precluded an award of future maintenance).
[29] *Tate v. American Tugs, Inc.*, 634 F.2d 869, 870 (5th Cir. 1981) (emphasis added) (citations omitted).
[30] 465 F.Supp. 1265 (E.D. La. Mar. 2, 1979) (emphasis added).
[31] *Id.* at 1267.

The only alternative to filing a motion for summary judgment is for the seaman to seek "a severance of the maintenance claim and an expedited trial of it by the court."[32] If a seaman moves to sever his maintenance and cure claim, the Court considers the interest in expediting the issue, the proximity of the scheduled trial date, whether a jury trial has been requested, and whether the nonmoving party opposes the motion.[33]

Goss has not requested the severance of the trial of his claim for maintenance. Neither has he filed a motion for partial summary judgment on this issue. Although Goss did submit his affidavit, with attachments, he has failed to file a motion for summary judgment and comply with Federal Rule of Civil Procedure 56 and LR 56.1.[34]

## CONCLUSION

Accordingly, Goss's Motion to Increase Per Day Maintenance Payments[35] is **DENIED**.

**New Orleans, Louisiana, this 17th day of September, 2020.**

                                            **SUSIE MORGAN**
                            **UNITED STATES DISTRICT JUDGE**

---

[32] *Tate v. American Tugs, Inc.*, 634 F.2d 869, 871 (5th Cir. 1981).
[33] *Hampton v. Daybrook Fisheries, Inc.*, No. 01-cv-1913, 2002 WL 1974107 at *2 (E.D. La. Aug. 27, 2002).
[34] It is likely a motion for partial summary judgment would be met by LeBeouf's request for additional discovery.
[35] R. Doc. 32.